IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL NELSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO. 13-4353 |

MEMORANDUM

BAYLSON, J.                                        AUGUST 2, 2013

Plaintiff Crystal Nelson brings this action against the City of Philadelphia, pursuant to Title VII, 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq.; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 et seq.; and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. § 951, et seq. She seeks to proceed in forma pauperis. The Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint because she has failed to articulate any facts in support of her claim. The dismissal is without prejudice to plaintiff filing an amended complaint.

I. FACTS

Plaintiff is employed by the City of Philadelphia; it appears that she works for the Philadelphia Prison System. She filed this action using the Court's form complaint for employment discrimination. By marking the appropriate locations on the form complaint, plaintiff indicated that the City discriminated against her based on her color ("light skinned complexion") and her age by failing to promote her and transferring her to a new

1

prison. The complaint also indicates that the City retaliated against plaintiff, failed to accommodate her unspecified disability, and failed to stop work-related harassment. Plaintiff made a claim with the Equal Employment Opportunity Commission, and received a Notice of Right to Sue Letter in April, 2013. She asks the Court to order the defendant to promote her and to accommodate her disabilities.

## II. STANDARD OF REVIEW[1]

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory

---

[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). Thus, although the Court must construe plaintiff's allegations liberally because she is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), she must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

The Court will dismiss the complaint without prejudice to plaintiff filing an amended complaint because it fails to state a claim. To state a claim under any of the statutes listed in the complaint, plaintiff must allege at least some facts supporting her allegations of employment discrimination. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Fowler v. UMPC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) ("[T]he plausibility paradigm announced in Twombly applies with equal force to analyzing the adequacy of claims of employment discrimination.") (quotations omitted). Here, plaintiff has indicated, by marking certain locations on the form complaint, that she was discriminated against based on her color, age, and unspecified disability, but she failed to state any facts to support those assertions. Although she references the claim that she filed with the Equal Employment Opportunity Commission, she did not attach a copy of that document an exhibit to her complaint. Accordingly, the complaint does not contain anything more than conclusory allegations, and the Court will dismiss it for failure

to state a claim. See Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

Although the complaint does not state a claim as currently pled, the Court will give plaintiff leave to file an amended complaint so that she may cure the above deficiencies. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). In her amended complaint, plaintiff should state the facts that support her claims, or at least attach a copy of the claim she filed with the EEOC containing the relevant facts underlying her allegations of employment discrimination.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to her filing an amended complaint. An appropriate order follows.